IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| TRUDY BRYANT, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-157 |
| ) | |
| vs. ) | |
| ) | |
| DIVERSIFIED CONSULTANTS, INC., ) | |
| and SOUTHWEST CREDIT, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |
| ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff, Trudy Bryant, (hereinafter "Plaintiff" or "Ms. Bryant") is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Consultants, Inc. (hereafter referred to as "Defendant Diversified") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized

[1]

in Florida, with its principal office located at 10550 Deerwood Park Blvd., Jacksonville, FL 32256-2805 and maintains Incorp Services, Inc., 216 Centerview Drive, Suite 317, Brentwood, TN 37027-3226, as its registered agent for service of process.

6. Defendant Southwest Credit Systems, L.P. (hereafter referred to as "Defendant Southwest") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a limited partnership organized in Texas, with its principal office located at 4120 International Parkway, Suite 1100, Carrollton, TX 75007-1958 and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

8. Defendants use the mail in their businesses.

9. Defendants use telephone communications in their businesses.

10. The primary purpose of Defendants' business is the collection of debts.

11. Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

12. Defendants are a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. Defendants have alleged that Ms. Bryant incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is

[2]

therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, services allegedly originally owed to or serviced by AT&T Mobility.

14. Sometime prior to June 6, 2012, Ms. Bryant' debt was sold or otherwise transferred to Defendants Diversified and Southwest for collection from Ms. Bryant, when thereafter Ms. Bryant received collection communications and was subjected to collection acts from Defendants Diversified and Southwest, all in an attempt to collect this debt.

15. Ms. Bryant has made no payments on this account since the time she received Defendant Diversified's June 6, 2012 collection letter.

16. In the course of attempting to collect a debt allegedly due from Ms. Bryant to a business which is not a party to this litigation, Defendants Diversified and Southwest communicated with Ms. Bryant in ways that violated the Fair Debt Collection Practices Act.

### *February 14, 2012 Statement from AT&T Mobility*

17. AT&T Mobility (hereinafter "AT&T"), not a party to this Complaint and the original creditor for account numbered 545022430037, sent Ms. Bryant a statement dated February 14, 2012. The statement is attached hereto as Exhibit A incorporated herein by reference.

18. The February 14, 2012 statement demands the amount due of $841.21.

### *June 6, 2012 Collection Letter from Defendant Diversified*

19. Defendant Diversified sent Ms. Bryant a collection letter dated June 6, 2012. The collection letter is attached hereto as Exhibit B incorporated herein by reference.

[ 3 ]

Case 2:13-cv-00157-JRG-DHI    Document 1    Filed 06/03/13    Page 3 of 11    PageID #: 3

20. The June 6, 2012 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

21. The June 6, 2012 collection letter is collecting on the AT&T Mobility, account numbered 401060. See attached Exhibit B.

22. The June 6, 2012 collection letter asserts the current balance due on the account was $992.63 as of June 6, 2012.

23. The June 6, 2012 collection letter asserts: "This Notice is to inform you that your account with AT&T MOBILITY – TNK 401060 has been referred to our office for collections.

See Exhibit B.

24. The June 6, 2012 collection letter further asserts:

>   Client-Name:         AT&T MOBILITY – TNK
>   File #               13149131
>   **TOTAL-PAID:**      **$0.00**
>   **Principal Balance:** **$841.21**
>   **Collection Fees:** **$151.42**
>   **TOTAL:**           **$992.63**

See Exhibit B.

25. The June 6, 2012 collection letter reflects "Collection Fees" in the amount of 18% of the principal balance due.

### *November 26, 2012 Collection Letter from Defendant Southwest*

26. Defendant Southwest sent Ms. Bryant a collection letter dated November 26, 2012. The collection letter is attached hereto as Exhibit C and is incorporated herein by reference.

[ 4 ]

27. The November 26, 2012 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

28. The November 26, 2012 collection letter is collecting on the same AT&T Mobility account numbered 545022430037. See Exhibit C.

29. The November 26, 2012 collection letter also asserts a Southwest account number of 38784795.

30. The November 26, 2012 collection letter states the current balance due to $992.63 as of November 26, 2012.

31. The November 26, 2012 collection letter further states "Collection Fee $151.42" See Exhibit C.

32. The November 26, 2012 collection letter asserts: "Contractual attorney fees, as provided for in your agreement with our client, have been added to the amount owed on this account." See Exhibit C.

*January 14, 2013 Collection Letter from Defendant Southwest*

33. Defendant Southwest sent Ms. Bryant a collection letter dated January 14, 2013. The collection letter is attached hereto as Exhibit D and is incorporated herein by reference.

34. The January 14, 2013 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

35. The January 14, 2013 collection letter is collecting AT&T Mobility account numbered 545022430037. See Exhibit D.

36. The January 14, 2013 collection letter also asserts a Southwest Account number of 38784795.

37. The January 14, 2013 collection letter also asserts the current balance due to $992.63 as of January 14, 2013.

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

38. Ms. Bryant incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The acts of Defendants constitute violations of the FDCPA. Violations by the Defendants of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

40. Prior to the collection letter received from Defendants Diversified and Southwest, Ms. Bryant received a statement from AT&T dated February 14, 2012, account numbered 545022430037, total amount due of $841.21.

41. Defendants use of false, deceptive or misleading representations in connection with the amount of the alleged debt is apparent where the original account balance was $841.21, as of February 14, 2012, but then it mysteriously and inexplicably increases to the amount of $992.63 in Defendant Diversified's June 6, 2012 collection letter and Defendant Southwest's November 26, 2012 and January 14, 2013 collection letters to Ms. Bryant.

42. Upon information, knowledge and belief, Ms. Bryant asserts that Defendants did not possess the necessary documentation which may authorize its collection of the increased amount.

43. By assigning a different account balance to the same account, Defendants Diversified and Southwest have confused Ms. Bryant as to what amount of money she owes on this account.

44. Ms. Bryant asserts that the increased amount demanded by Defendants Diversified and Southwest is an attempt to keep her confused as to the amount is owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

45. By changing the account number assigned to the debt, Defendant Diversified and Defendant Southwest has misled and confused Ms. Bryant as to which account they are trying to collect.

46. By continually changing the name of the collection company who is collecting the debt, Defendants have misled and confused Ms. Bryant as to who she owes for her AT&T Mobility account.

47. By attempting to collect through different collection agencies; by assigning different account numbers to the same account; and by increasing the balance of the debt to an unauthorized amount, Defendants have utilized false and deceptive communications in their efforts to collect this debt, have confused Ms. Bryant as to what amount of money she owes on this account, and have confused Ms. Bryant as to the legal status of the account.

[ 7 ]

Case 2:13-cv-00157-JRG-DHI   Document 1   Filed 06/03/13   Page 7 of 11   PageID #: 7

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

48. The acts of the Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

49. Without a written contract signed by Ms. Bryant, Defendants Diversified and Southwest may not recover attorney's fees or a contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

50. As referenced *supra*, the amount of the claim increased from $841.21 as of February 14, 2012 to $992.63 in Defendants Diversified and Southwest's June 6, 2012, November 26, 2012 and January 14, 2013 collection communications.

51. The account balance of $992.63 on June 6, 2012, November 26, 2012 and January 14, 2013 increased from February 14, 2012 amount of $841.21 by an unexplainable amount of eighteen percent (18%) interest.

52. Defendants Diversified and Southwest had no basis for attempting to collect the increased amount of $992.63.

53. Upon information and belief, Ms. Bryant asserts that Defendants have not applied the applicable contractual rate of interest for this account.

54. Upon information and belief, Ms. Bryant asserts that she never signed a contract with any of the Defendant Diversified nor Defendant Southwest and thus they were never entitled

to the recovery of interest or collection fees on this account.

55. By asserting a balance that increased dramatically from the original balance due, specifically assessing an inconsistent rate of interest, collection fees or charges on its collection letters, Defendants have demanded an amount that is not expressly authorized by the agreement creating the debt or permitted by law

56. By assigning a different account balance to the same account without documentation authorizing the increased balance amount, Defendant Diversified and Southwest attempted to collect interest and/or collection fees which were neither authorized by the agreement creating the debt, nor permitted by law.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

57. The acts of Defendants Diversified and Southwest constitute multiple violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

58. Defendants changed the account number from "13149131" in the June 6, 2012 communication from Defendant Diversified to "38784795" in the subsequent communications from Defendant Southwest.

59. The original account balance was $841.21 on February 14, 2012, but then increases inexplicably to $992.63 as of June 6, 2012, November 26, 2012 and January 14, 2013.

60. These changes are deceptive and misleading representations by Defendants, and are thus acts committed in violation of 15 U.S.C. § 1692e.

61. Ms. Bryant has been deceived and misled by Defendants through its addition of "collection fees" to her account when Defendants had no authority nor signed contract for collection of said fees.

62. As a result of Defendant's actions, Ms. Bryant is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

    a)    That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

    b)    That Plaintiff be awarded statutory damages against each and every Defendant pursuant to 15 U.S.C. §1692k(a)(2);

    c)    That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

    d)    That the Court declare all defenses raised by Defendants to be insufficient; and

    e)    That the Court grant such further and additional relief as is just in these circumstances.

Respectfully submitted this the 3rd day of June, 2013.

>*/s/ Brent T. Strunk*
>Brent T. Strunk, BPR #023050
>BRACKETT & STRUNK, PLLC
>Attorney for Plaintiff
>1104 Merchants Drive, Suite 101
>Knoxville, TN 37912
>(865) 688-0868
>consumerbk@comcast.net